UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AARON WILLEY,

                Plaintiff,

      v.

ROBERT A. KIRKPATRICK, et al.,

              Defendants.

_____

<u>DECISION & ORDER</u>

07-CV-6484CJS

Plaintiff Aaron Willey ("Willey") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have subjected him to excessive force and have retaliated against him for exercising his constitutional rights. (Docket # 1). Currently pending before this Court are two motions by plaintiff. The first requests an order requiring the Department of Correctional Services ("DOCS") to authorize a monetary advance to enable Willey to pay for certified mailings. (Docket # 31). The second motion seeks an order requiring DOCS (1) to provide plaintiff with a $2.00 weekly allowance for photocopies, (2) to return property to plaintiff and (3) to modify the rules of the facility library in order to allow plaintiff to borrow three books for forty-eight hours at a time. (Docket # 32). Defendants' position on the pending motions is unknown as they have not responded to the motions, despite this Court's motion scheduling orders. (Docket ## 35, 36).

      Taking first his motion for return of property, Willey's motion is unclear as to the specific property that he claims has been wrongfully taken. To the extent that he complains that copies of his complaint and exhibits in this action have not been provided to him following his

transfer from the Clinton Correctional Facility to the Five Points Correctional Facility, a copy of his complaint and exhibits is being provided to him, along with this Decision and Order.  Insofar as plaintiff contends that other materials are being wrongfully withheld, he may file a new motion specifically identifying those materials and their relationship to this case.  To the extent that he seeks to make a claim for money damages for conversion of property, he must file a claim with the New York State Court of Claims.

I turn next to Willey's request regarding law library access.   The United States Constitution guarantees prisoners a meaningful right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  Reasonable access to a law library is one means of ensuring a prisoner's access to the courts.  *Id.* at 351 (citing *Bounds v. Smith*, 430 U.S. at 828).  Law library access, however, need not be without restraint.  *See Shepherd v. Fraiser*, 1999 WL 713839, *4 (S.D.N.Y. 1999) ("unlimited, unrestricted or unmanaged access at the demand of a prisoner is not required"); *Jermosen v. Coughlin*, 1995 WL 144155, *4 (S.D.N.Y. 1995) (delaying inmate's access to law library did not violate constitutional right in absence of proof that delay interfered with access to courts).

Here, plaintiff does not allege that he has been denied access to the law library altogether; rather, he objects to the library's rules for loaning out specific texts.  Nor does Willey allege that he has been denied specific legal materials; rather, he objects to the rules restricting the number of texts that he may borrow at the same time.  Judged on this record, I find that plaintiff has failed to allege adequately a claim that he was denied his constitutional right of access to the courts.

Moreover, even if plaintiff could establish that he was denied legal materials, he has not attempted to demonstrate any prejudice resulting from such denial.  "In order to establish a violation of a right of access to [the] courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' . . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'"  *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. at 351), *cert. denied*, 525 U.S. 823 (1998).  According to the Supreme Court, the requirement that a plaintiff suffered an actual injury "derives ultimately from the doctrine of standing."  *Lewis*, 518 U.S. at 349; *Monsky v. Moraghan*, 127 F.3d at 247 (quoting *Lewis*, 518 U.S. at 349); *see Shepherd v. Fraisher*, 1999 WL 713839 at * 5 ("where it is alleged that access to a law library has actually been denied, a plaintiff must allege that the deprivation proximately caused some actual prejudice or denial of a legal claim") (citing *Lewis*, 518 U.S. at 351-52); *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) ("in order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm, that is, that he was hindered in his efforts to pursue a legal claim") (internal quotation omitted).  In this case, plaintiff has failed to make any showing that he was prejudiced by the alleged restriction on his access to certain legal texts.

Finally, to the extent that Willey requests that this Court order DOCS to advance him funds for certified mailings and photocopies, the motion is denied.  On the record before it, this Court finds no justification for interfering with the facility's rules and regulations concerning photocopying fees and allowances for mailings.  According to the applicable rules, a copy of which has been submitted by plaintiff, an inmate who lacks sufficient funds for photocopying may apply for an "encumbrance" of his inmate account to cover necessary copies.  (*See* Docket

# 32 at 8).  As to the request for funds to cover certified mailings, no legal requirement exists mandating that litigants serve and file papers by certified mail.

For the foregoing reasons, plaintiff's motion for advances for certified mailings **(Docket # 31)** is **DENIED**; the motion for return of his property, monetary advances for photocopies and modification of the lending rules of the facility law library **(Docket # 32)** is **DENIED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
      March ___12___, 2009