UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AARON WILLEY 04-A-2068,

          Plaintiff,

     -vs-             DECISION & ORDER

ROBERT A. KIRKPATRICK, *et al.*,      07-CV-6484-CJS-MWP

          Defendants.

---

  Plaintiff has sent to Chambers a notarized letter dated October 22, 2009, which includes the following request: "I would ask to be completely separated from <u>all</u> defendants in this action, especially Jeszorski." (Letter from Aaron Willey to the Court (Oct. 22, 2009) at 2.) In his complaint, filed on October 4, 2007, Plaintiff alleges, *inter alia*, that Jeff Jeszorski was a corrections sergeant at Wendy Correctional Facility and supervising three other defendants whom Plaintiff accuses of harassing him. (Compl. ¶¶ 6, 42, 88.)

  The Court construes Plaintiff's application as a request for injunctive relief under Federal Rule of Civil Procedure 65. That rule states in pertinent part, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). If the Court were to construe Plaintiff's application as a request for entry of temporary restraining orders, it would have to find that,

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and … the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) & (B). Further, to grant either a temporary restraining order or a preliminary injunction, plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted).

In his application, Plaintiff requests affirmative relief, not merely a return to the status quo. In that situation, the Second Circuit has written:

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id*.… [T]his distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

In his letter, Plaintiff speculates that Jeszorski has been directing his subordinates to harass him in retaliation for the lawsuit that names Jeszorski as a defendant. He also writes that, "I fear a[n] officer 'set up' 'again' due to these threats made by this defendant

Jeffrey Jeszorski." (Letter at 2.) The threats to which Plaintiff refers are listed in his letter as a statement alleged made by Jeszorski that if Plaintiff was smart, he would withdraw his lawsuit because, "you don't want a new charge, do you?" (Letter at 1.) The Court determines that Plaintiff has not met the threshold requirements for injunctive relief, outlined above. Further, Plaintiff has failed to meet the requirements of showing that extreme or very serious damage will result in the absence of an injunction.

Accordingly, Plaintiff's application seeking a preliminary injunction is denied.

IT IS SO ORDERED.

Dated: October 28, 2009
       Rochester, New York

              ENTER:

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge