UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON WILLEY,

                              Plaintiff,                         No. 07-CV-6484 CJS

    -vs-

                                                                                  DECISION AND ORDER

ROBERT KIRKPATRICK, et al.,

                              Defendants.

_____

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Plaintiff has sued ten defendants, including Martin Kerney ("Kerney") and Thomas Schoellkopf ("Schoellkopf"), both of whom were employed by DOCS as hearing officers. Currently pending before the Court is Plaintiff's motion (Docket No. [#54]) for partial summary judgment against Kerney and Schoellkopf. The application is denied as premature.

BACKGROUND

On October 4, 2007, Plaintiff commenced this action. Despite the passage of time, this case is still at an early stage. This is attributable to several factors, including a lengthy delay that occurred in connection with the briefing and resolution of Defendants' motions [#7][#15] to dismiss the Complaint. On October 13, 2009, the Court issued a Decision and Order [#45] which denied the motions to dismiss, and directed the parties to contact the Honorable Marian W. Payson, the United States Magistrate Judge to whom this case is referred for non-dispositive pretrial matters, to request a new Scheduling Order.

On November 30, 2009, Plaintiff filed a motion [#50] to amend his complaint.[1] The proposed amended complaint adds factual allegations, including some concerning Kerney. The motion is currently under consideration by Magistrate Judge Payson.

On December 2, 2009, Judge Payson conducted a Rule 16 Scheduling Conference. Judge Payson subsequently issued a Scheduling/Case Management Order [#49], directing, among other things, that all discovery be completed by October 29, 2010, and that all dispositive motions be filed by January 31, 2011. So far, it appears that little, if any, discovery has been conducted in this case.

On January 11, 2010, Plaintiff filed the subject motion for partial summary judgment, against Kerney and Schoellkopf. Plaintiff alleges that both defendants denied him procedural due process at disciplinary hearings.

DISCUSSION

Plaintiff's motion for partial summary judgment is premature for several reasons. First, the pleadings are not yet finalized. Also, discovery is not completed. In that regard,

> summary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States*, 87 F.3d 60, 65 (2d Cir.1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (alteration in original and emphasis added). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (quoting *Anderson*, 477 U.S. at 250 n. 5, 106 S.Ct. 2505). Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery. *See Sutera v.*

---

[1] At the same time, Plaintiff filed a document entitled "Verified Traverse to Defendants' Answer," which was apparently docketed by the Clerk of the Court as part of the motion to amend.

2

> *Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995).

*Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis in original). Additionally, there are ten defendants in this action, and the Court does not intend to entertain repetitive, piecemeal motions against the various defendants, since that would not be an effective use of judicial resources.

## CONCLUSION

Accordingly, Plaintiff's motion for partial summary judgment [#54] is denied, without prejudice to Plaintiff bringing a summary judgment motion after discovery is completed.

So Ordered.

Dated: Rochester, New York
February 3, 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge